UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN JONATHAN PARENT,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SEAN ENGERT, et al., ,<br><br>　　　　　　　　Defendant. | CASE NO. 2:21-cv-01042-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

On August 4, 2021, Plaintiff who was then a detainee at the Maleng Regional Justice Center filed a 42 U.S.C. § 1983 civil rights complaint and a deficient application to proceed *in forma pauperis* (IFP). Dkt. 1. The Clerk of Court advised Plaintiff that he must cure the deficient IFP application by September 9, 2021 or the case may be dismissed. On August 25, 2021, Plaintiff requested the Court to grant him an extension of "like a week" to cure the IFP application. Dkt. 4.

The additional week Plaintiff requested to cure his IFP application has come and gone and the complaint is thus ripe for review. Plaintiff has not cured the deficient IFP application. The present complaint is the third civil rights complaint Plaintiff has filed, while he was a detainee, revolving around his 2018 arrest, prosecution, and conviction in Island County Superior Court. Under 28 U.S.C. § 1915A(a), the Court should "dismiss the complaint, or any

REPORT AND RECOMMENDATION - 1

portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Having reviewed the complaint and the Court's records, it is recommended the present civil rights complaint be **DISMISSED** without prejudice because it is barred by the doctrine articulated in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Additionally, the complaint should be dismissed without prejudice because Plaintiff has failed to cure the deficient IFP application. Although Plaintiff proceeds *pro* se, leave to amend should be denied because no amendment would cure the *Heck* bar and any amendment would therefore be futile.

### CIVIL RIGHTS COMPLAINTS PLAINTIFF HAS FILED

The Court's records show the present complaint is the third civil rights complaint Plaintiff has filed regarding his arrest and conviction in Island County Superior Court.[1]

The present complaint names as defendants Island County Sheriffs Sean Engert and Trevor Wolfe, and Crime Laboratory Technician David Northrop. The complaint alleges these defendants violated Plaintiff's rights by improperly arresting him and providing false testimony in the statement of probable cause and at trial. As a result of these acts, Plaintiff alleges his car was confiscated, he was convicted of a felony, and sentenced to 55 months of imprisonment. In

---

[1] Plaintiff also filed another civil rights complaint in *Parent v. Island County Superior Court*, 2:19-cv-00575-TSZ.  The complaint named as defendants Island County Superior Court, Allen Hancock, Ian Michaels, Eric Ohms, Gregory Banks, Mike Safstrom, Debra VanPelt, Sean Engert, Trevor Wolf and Kitsap County Superior Court. The complaint alleged "false imprisonment." Dkt. 4. The complaint which was subsequently amended to challenge Plaintiff's prosecution for bail jumping and failing register as a sex offender was ultimately dismissed by the Court on September 20, 2019. Dkt. 10.

REPORT AND RECOMMENDATION - 2

support of these allegations, Plaintiff alleges he was parked on the side of a road when officers came up to him and arrested him after seeing pill bottles "near my consule and the rear seats." Plaintiff claims he was questioned by the officers without being read his rights and that his arrest was therefore illegal.

Plaintiff also alleges Sheriff Engert made false statements in a statement of probable cause and at trial about the drugs that were seized from Plaintiff's car. Plaintiff further alleges Sheriff Trevor Wolfe made false statements in the probable cause statement and at trial about seeing a "spoon covered in a brown tar like substance" in Plaintiff's car.

And finally, Plaintiff alleges Mr. Northrup "falsified drug test documents" and Plaintiff has been "been working on [this claim] with US District Court West Div." Plaintiff claims Mr. Northrup falsified drug test documents with "presumptive drug test equipment," rather than "a chemical compound structure test." As relief for these alleged violations Plaintiff seeks punitive damages of "$15 million," termination of the defendant sheriffs and voiding of all unconstitutional statutes.

Before filing the present complaint, Plaintiff filed two other complaints related to the same arrest, prosecution and conviction in Island County that is discussed in the current complaint. In March 2021, Plaintiff filed a complaint in *Parent v. Island County Superior Court*, 2:21-cv-00278-JCC against the Island County Superior Court, Deputy Prosecutor Ian Sletvet, Court Clerk Debra Van Pelt and Superior Court Judge Alan Hancock. Plaintiff amended this complaint and alleged defendants allowed "a case that has been perjured to proceed." Plaintiff alleged Ms. Van Pelt testified about a bond that was not issued and "the state did not have enough evidence to send to the crime lab for a drug test." Dkt. 7. On April 5, 2021, the

REPORT AND RECOMMENDATION - 3

1  Honorable John C. Coughenour issued an order dismissing the amended complaint, based upon
2  several grounds including the claims were barred under *Heck v. Humphrey*. Dkt. 8.
3      On April 24, 2021, Plaintiff filed his second civil rights complaint in *Parent v. Island*
4  *County Superior Court*, 2:21-cv-00550-RSL against Island County Superior Court, Deputy
5  Prosecutor Ian Slettvete, Debra Van Pelt and Judge Alan Hamcock. In the second complaint,
6  Plaintiff alleges the state lacked evidence to support the criminal allegation because it did not
7  have a "chemical compound structure test," and that the state also manufactured evidence
8  regarding a bail bond that was not issued. Dkt. 4. Plaintiff further alleges the trial judge "is also
9  guilty by letting the state perjurise the case and allowing the state Ian Sletteve racketeer the jury
10 and David Northrop the crime lab tech." *Id.* As relief Plaintiff seeks money damages,
11 expungement of his criminal record and return of his car.

## DISCUSSION

13     Under *Heck v. Humphrey*, *supra,* if a judgment in favor of a plaintiff in a civil rights
14 action necessarily implies the invalidity of plaintiff's conviction or sentence, the complaint must
15 be dismissed unless plaintiff can show the conviction or sentence has already been invalidated.
16 *Heck,* 512 U.S. at 486-87. "[A] court may properly dismiss a Heck-barred claim if there exists an
17 obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty.*
18 *Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (*Heck* bar is plain from the face of the
19 complaint where plaintiff seeks recall of allegedly unlawful sentence).
20     Here, Plaintiff alleges, as he alleged before, his arrest, prosecution, Island County
21 conviction and confiscation of his car based upon this conviction are all based upon violation of
22 his rights by various defendants. The success of Plaintiff's claims would therefore necessarily
23 imply the invalidity of Plaintiff's Island County felony conviction. Plaintiff in case number 2:21-

REPORT AND RECOMMENDATION - 4

cv-00550-RSL, which is currently pending, seeks expungement of his Island County conviction. There is thus no doubt that Plaintiff's prosecution and conviction in Island County still stands and has not been invalidated. Based upon the foregoing the Court recommends that Plaintiff current claims and suit be **DISMISSED** without prejudice under *Heck v. Humphry*.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 1, 2021.** The Clerk should note the matter for **October 1, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 17th day of September 2021.

                                                BRIAN A. TSUCHIDA
                                                United States Magistrate Judge